UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JALISSA MONIQUE PAIGE,

        Petitioner,         Civil Action No. 09-CV-11654

v.                                   HON. BERNARD A. FRIEDMAN

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner Jalissa Monique Paige has filed a *pro se* habeas corpus petition challenging her sentence of 12 to 25 years for second-degree murder. Respondent argues in her answer that petitioner's claims lack merit, are not cognizable on habeas review, and were waived during the plea and sentence proceedings. Having reviewed the record, the court agrees that petitioner is not entitled to habeas relief. Accordingly, her habeas petition is denied.

**I. Background**

Petitioner was charged in Kalamazoo County, Michigan, with open (first- and second-degree) murder. The charge arose from the stabbing death of Jasmine Bloodworth in the city of Kalamazoo on September 8, 2007. Witnesses testified at the preliminary examination that petitioner and the victim had begun arguing and fighting on the night in question because petitioner previously made an unflattering remark about the victim's nephew. Petitioner shook a gin bottle at the victim and subsequently sprayed the victim with mace. Petitioner then struck the victim in a sideways motion on the left side of her chest. The victim walked a short distance away and collapsed. Bystanders discovered that she had been stabbed. She died as a result of stab wounds

to her heart and lung.

On November 27, 2007, petitioner pled no contest to second-degree murder. In return, the prosecutor dismissed the open murder count and agreed to recommend a sentence of 12 to 25 years in prison. On January 7, 2008, the trial court sentenced petitioner to a 12- to 25-year prison term, with 121 days of credit for time already served. Petitioner raised her habeas claims in the Michigan Court of Appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Paige*, No. 288049 (Mich. Ct. App. Nov. 3, 2008). On March 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Paige*, 483 Mich. 916; 762 N.W.2d 493 (2009) (table).

Finally, on May 1, 2009, Petitioner filed her federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Her claims are:

> I. The trial court unlawfully deprived the defendant of her due process, equal protection and other protected rights under the United States and Michigan Constitutions when it ordered 25 points on OV-6.
>
> II. The trial court unlawfully deprived the defendant of her due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it failed to take into account all mitigating evidence in sentencing the defendant.
>
> III. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing the defendant to a prison term of 12-25 years on the 2nd degree murder conviction.

Petitioner asserts a Ninth Amendment claim and a Sixth Amendment claim of ineffective assistance of counsel in connection with each of these three claims.

**II. Standard of Review**

Petitioner is entitled to a writ of habeas corpus only if the state court's adjudication of her claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

To prevail on her ineffective-assistance-of-counsel claims, petitioner must show that her attorney's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The prejudice prong of the *Strickland* test requires a petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

3

### III. Discussion

#### A. The Sentencing Guidelines

Petitioner alleges that the trial court violated her rights under the State and Federal Constitutions when it scored 25 points for offense variable 6 of the Michigan Sentencing Guidelines. Petitioner also claims that trial counsel was ineffective for failing to object to the scoring of offense variable 6.

##### 1. Offense Variable 6

Petitioner's challenge to the scoring of the sentencing guidelines lacks merit because the trial court's interpretation and application of state sentencing guidelines is a matter of state concern only, *see Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Even if petitioner's claim were cognizable on habeas review, petitioner has not demonstrated that her constitutional rights to due process and equal protection of the law were violated. Offense variable 6 measures "the offender's intent to kill or injure another individual." MICH. COMP. LAWS § 777.36(1). Twenty-five points may be scored if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MICH. COMP. LAWS § 777.36(1)(b).

Witnesses at petitioner's preliminary examination maintained that the victim did not have a weapon during the altercation on September 8, 2007. Petitioner, on the other hand, apparently possessed both mace and a knife. She sprayed the victim with the mace and then stabbed her twice in the chest. After the stabbing, petitioner left the scene and told someone that she "stabbed that bitch" because the victim was fat and unable to defend herself. This evidence, taken

as a whole, suggests that petitioner intended to commit unpremeditated murder, to do great bodily harm or, at a minimum, to create a high risk of death or great bodily harm knowing that death or great bodily harm was the probable result. The trial court therefore did not deprive petitioner of due process by scoring offense variable 6 at 25 points, and defense counsel's failure to object to the scoring of the offense variable did not amount to deficient performance. Petitioner, moreover, has not alleged any facts to support the contention that her right to equal protection of the law was violated.

**2. The Sixth Amendment Claim**

Petitioner maintains that her Sixth Amendments rights were violated because no jury made findings that she had an unpremeditated intent to kill, intent to do great bodily harm, or intent to create a high risk of death or great bodily harm. The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The "statutory maximum" for purposes of *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis omitted). However, "*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (explaining *Harris v. United States*, 536 U.S. 545 (2002)).

In Michigan, the maximum sentence for second-degree murder is life imprisonment. *See* MICH. COMP. LAWS § 750.317. Petitioner's sentence of 12 to 25 years did not exceed the statutory maximum and was no more than what she bargained for. Consequently, petitioner's

sentence survives Sixth Amendment scrutiny. *See Chontos*, 585 F.3d at 1002.

### 3. The Ninth Amendment Claims

As noted, petitioner asserts a Ninth Amendment claim in connection with each of her habeas claims. The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "[T]he Ninth Amendment has not been recognized to independently secure any constitutional right." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). *See also Ferguson v. Curtin*, No. 1:09-cv-330, 2009 WL 2905563, at *5 (W.D. Mich. Sept. 4, 2009) (stating that "[t]here exists no federal precedent, much less Supreme Court precedent, holding that the Ninth Amendment protects individuals from sentencing error where there exists no Fourteenth or Sixth Amendment violation" and that the petitioner's rights under the Sixth and Fourteenth Amendments to the Constitution "represent the exclusive sources for analyzing petitioner's claim"). The court therefore rejects petitioner's Ninth Amendment claims.

### B. Mitigation Evidence

Petitioner alleges next that the trial court deprived her of due process and equal protection of the law under the State and Federal Constitutions by failing to consider all mitigating evidence at sentencing. Petitioner further alleges that her trial attorney was ineffective for failing to introduce mitigation evidence and for failing to object to the trial court's failure or refusal to consider all mitigating evidence.

"The Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases." *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991)). The Due Process and Equal Protection

Clauses also are not violated "when the trial court does not consider mitigating factors during sentencing in a noncapital case." *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995). Because this is a noncapital case, petitioner's constitutional rights were not violated by the trial court's alleged failure to consider all mitigating evidence.

The court notes, moreover, that defense counsel made an argument in mitigation of sentencing, and that the trial court considered factors in mitigation of sentencing. Defense counsel stated that petitioner felt remorseful, that she had no criminal history, that she had been an exemplary resident of the juvenile home, and that she would contribute to the community upon her return to society. The trial court took into consideration petitioner's age, her lack of a criminal history, and letters that the court received on petitioner's behalf. The court stated that the letters spoke highly of petitioner's character and described her personality, her willingness to change, and her willingness to take responsibility for her actions. Having considered these factors in mitigation of sentencing, the trial court departed downward from the guidelines, which called for a minimum sentence of at least 15 years, and imposed a sentence of 12 years.

In conclusion, defense counsel presented mitigating evidence to the trial court, and the court considered mitigating evidence even though it was not constitutionally required to do so. The trial court did not violate petitioner's constitutional rights, and defense counsel was not ineffective for failing to object to the claimed errors. "An attorney is not required to present a baseless defense or to create one that does not exist." *Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986).

**C. Cruel and Unusual Punishment**

The third and final habeas claim alleges that the trial court violated the Cruel-and-Unusual-Punishments Clauses of the State and Federal Constitutions when sentencing petitioner. According to petitioner, the trial court considered only punishment and protection of society and gave no consideration to her potential for rehabilitation, her remorse, her acceptance of responsibility, and the possibility that she was addicted to cocaine and suffering from mental illness. Petitioner also alleges that her trial attorney was ineffective for failing to object to the length of her sentence.

The pre-sentence investigation report states that petitioner does not have a history of psychiatric illness and that she denied alcohol and drug abuse. The trial court, moreover, implicitly acknowledged petitioner's potential for rehabilitation when it summarized the contents of letters written on petitioner's behalf.

Furthermore, a plurality of the Supreme Court has held that "the Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).

The Supreme Court determined in *Harmelin* that life imprisonment without the possibility of parole for possession of more than 650 grams of cocaine was not cruel and unusual punishment. Petitioner, in contrast, was sentenced at the age of 16 to a term of 12 to 25 years for killing someone. If Harmelin's sentence of life imprisonment without the possibility of parole for a nonviolent crime is constitutional, petitioner's sentence of 12 to 25 years for the senseless killing

of a teenage girl is not grossly disproportionate. In fact, the United States Court of Appeals for the Sixth Circuit has held that a sentence of 40 to 60 years for second-degree murder "is neither 'extreme' nor 'grossly disproportionate' so as to violate the Eighth Amendment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Petitioner therefore has no right to relief on the basis of her proportionality claim. Because her sentence was not cruel and unusual punishment, or excessive, petitioner's trial counsel was not ineffective for failing to object to the length of the sentence. *See Krist*, 804 F.2d at 946.

**IV. Conclusion**

The state appellate court's determination that petitioner's claims lack merit did not result in a decision that was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus in this matter is denied.

Further, the Court declines to issue a certificate of appealability because reasonable jurists would neither disagree with the court's resolution of petitioner's constitutional claims nor conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the same reason, the court denies leave to proceed on appeal *in forma pauperis*, as an appeal in this matter could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

          S/Bernard A. Friedman
          Bernard A. Friedman
          United States District Judge

Dated: February 3, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2010, by electronic and/or ordinary mail.

                                      S/Felicia Moses for Carol Mullins
                                      Case Manager